# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ARQUIMEDES CASIANO MERO-DELGADO,** | § § § | |
| *Petitioner*, | § § | |
| v. | § § § | No.  3:25-CV-00059-LS |
| **FCI LA TUNA, WARDEN,** | § § § | |
| *Respondent*, | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Arquimedes Casiano Mero-Delgado, Reg. No. 90405-298, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] The Court denies his petition.

## I.    BACKGROUND

Mero-Delgado is a 54-year-old citizen of Ecuador confined at the La Tuna Federal Correctional Institution in Anthony, Texas,[2] which is within this Court's jurisdiction. His projected release date is January 29, 2026.[3] On November 26, 2019, personnel on board the United States Coast Guard Cutter Bertholf located a suspicious fast-moving vessel in international waters about 400 nautical miles southwest of Acapulco, Mexico.[4] They observed the vessel's crew members tossing packages of suspected contraband overboard, determined it was subject to the United States' jurisdiction, and launched an over-the-horizon boat to chase it. They used disabling fire to

---

[1] ECF No. 1.

[2] *See Find an Inmate*, Fed. Bureau of Prisons, www.bop.gov/inmateloc (search for Reg. No. 90405-298) (last visited Jan. 22, 2026).

[3] *Id.*

[4] *See* Complaint, *United States v. Mirabal-Parrales*, No. 8:19-cr-00575-VMC-5 (M.D. Fla.), Dkt. No. 1; Notice, *Mirabal-Parrales*, No. 8:19-cr-00575-VMC-5, Dkt. No. 309-1.

halt the vessel and detained six people, including Mero-Delgado. The vessel's crew had jettisoned 444 kilograms of cocaine into international waters.

Mero-Delgado pled guilty to a two-count indictment charging him with conspiracy to possess with intent to distribute more than five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (Count One) and possession with intent to distribute more than five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (Count Two).[5] He was sentenced to 94 months' imprisonment followed by 60 months' supervised release. His sentence was later reduced to 87 months' imprisonment.[6]

Mero-Delgado claims that "he has earned a substantial amount of First Step Act ("FSA") Earned Time Credit ("ETC")" through successfully completing Evidence-Based Recidivism Reduction programs and Productive Activities.[7] He asserts that the Bureau of Prisons ("BOP") should apply the ETCs toward his early placement in a community facility or on supervised release, but that the BOP has illegally removed them from his projected release date calculation. He concedes that he has an Immigration and Customs Enforcement ("ICE") detainer but maintains he is not the subject of a final order of removal which, under 18 U.S.C. § 3632(d)(4)(E), would make him ineligible for ETCs. He also argues that the BOP has denied him equal protection of the law. He asks that the Court order Respondent Charisma Edge to re-apply his ETCs toward prerelease community-based placement or early release to supervision.[8]

---

[5] Judgment in a Criminal Case, *Mirabal-Parrales*, No. 8:19-cr-00575-VMC-5, Dkt. No. 95, at 1.
[6] Order, *Mirabal-Parrales*, No. 8:19-cr-00575-VMC-5, Dkt. No. 260.
[7] ECF No. 1, at 8.
[8] *Id.* at 10.

## II.   LEGAL STANDARD.

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."[9] Consequently, a prisoner may "attack[] the manner in which a sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[10] To prevail, a prisoner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."[11]

## III.   ANALYSIS.

In his § 2241 petition, Mero-Delgado claims the BOP has illegally refused to apply his ETCs and permit him to participate in various community-based programs.[12] He is wrong. The FSA provides that ETCs "shall be applied toward time in prerelease custody or supervised release."[13] But certain inmates are not eligible to receive ETCs based upon their crimes of conviction.[14] And other inmates are not permitted to apply their ETCs towards their prerelease custody or supervised release based on their status. For example: "A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws."[15] The FSA makes no distinction between a final order of removal that a Department of Homeland Security officer issues under 8 U.S.C. § 1225(b)(1) or a final order of removal that an Immigration Judge issues under 8 U.S.C. § 1229a.[16]

---

[9] *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

[10] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

[11] 28 U.S.C. § 2241(c)(3).

[12] ECF No. 1, at 8.

[13] 18 U.S.C. § 3632(d)(4)(C).

[14] *See id.* § 3632(d)(4)(D).

[15] *Id.* § 3632(d)(4)(E)(i).

[16] *See id.*

An ICE detainer establishes that Mero-Delgado is subject to a final order of removal,[17] and a deportation officer entered an Order of Removal on June 20, 2023.[18] Hence, under 18 U.S.C. § 3632(d)(4)(E)(i), he is ineligible to apply ETCs toward prerelease custody or supervised release.

Mero-Delgado also argues that the BOP has denied him equal protection of the law.[19] He is incorrect. Establishing an equal protection claim requires a petitioner to first show that "two or more classifications of similarly situated prisoners . . . were treated differently."[20] Once a petitioner establishes this, the court must determine the appropriate level of scrutiny.[21] "[S]trict scrutiny is appropriate only where a government classification implicates a suspect class or a fundamental right."[22] "Otherwise, rational-basis review applies and [the] court need only determine whether the classification is rationally related to a legitimate government interest."[23]

"The BOP's classification of prisoners based on whether they are [immigration] detainees or citizens of the United States is not a suspect classification, and therefore, the rational basis standard of review is applicable."[24] The BOP's determination that a prisoner subject to a removal order is ineligible for prerelease custody or supervised release programs is rationally related to the legitimate governmental interest of preventing immigration detainees from fleeing into the general population during the community-based portion of these programs.[25]

As a result, Mero-Delgado's equal protection claim fails. The BOP has a rational basis for excluding aliens with final orders of removal from receiving time credits and access to programs

---

[17] ECF No. 5-4, at 9.

[18] ECF No. 5-6, at 2–3.

[19] ECF No. 1, at 8.

[20] *See Stefanoff v. Hays Cnty.*, 154 F.3d 523, 526 (5th Cir. 1998).

[21] *See id.* at 525.

[22] *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir.1998) (quoting *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998)).

[23] *Id.*

[24] *Carvajal v. Tombone*, 31 F. App'x 155 (5th Cir. 2001).

[25] *Rublee*, 160 F.3d at 217.

that would hasten their release to community-based housing. Therefore, Mero-Delgado cannot show that the BOP violated his equal protection rights when it determined that he was ineligible to participate in community-based programs.

## IV.    CONCLUSION.

Mero-Delgado cannot show that he is in custody in violation of the Constitution or laws or treaties of the United States, and he is not entitled to § 2241 relief. The Court **DENIES** Mero-Delgado's Petition for a Writ of Habeas Corpus [ECF No. 1]. The Clerk shall close the case.

**SO ORDERED**.

**SIGNED** and **ENTERED** on January 28, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**